**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br>**MARK AND CHERYL PARASILITI,** | **CASE NO: 12-22402**<br>**CHAPTER 13** |
| **Debtors** | |
| **MARK AND CHERYL PARASILITI**<br>**Plaintiffs** | |
| vs. | |
| **EDUCATION CREDIT MANAGEMENT CORP.,**<br>**PENNSYLVANIA HIGHER EDUCATION**<br>**ASSISTANCE AGENCY D/B/A**<br>**AMERICAN EDUCATION SERVICES,**<br>**NELNET LOAN SERVICES, INC.**<br>**A/K/A NELNET, INC.,**<br>**US BANK ELT EFS FINANCE CO & AFFIL,**<br>**A/K/A U.S. BANCORP,**<br>**US BANK ELT GOAL STRUCTURED SOLUTIONS**<br>**A/K/A U.S. BANCORP** | **ADV. PRO. CASE NO:** |
| **Defendants** | |

**Debtors' Complaint to Determine Federal Student Loans Dischargeable**
**For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

### Nature of Action

1. This is an adversary proceeding by which the Debtors seek a declaration that Federal student loans constitute an undue hardship for the Debtors and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On September 29, 2012, the Debtors filed a voluntary petition in the United States Bankruptcy Court for the District of Connecticut for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code. On November 1, 2018, this Court granted the Debtors a discharge under section 1328 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

6. Plaintiffs, Mark and Cheryl Parasiliti, are the Debtors in the above captioned case. They are the recipients of Federal student loans.

7. Defendant Education Credit Management Corp. (ECMC) is a guarantee agency for Federal student loans under the FFEL program, with a registered address of 1 Imation Place, Building 1, Oakdale, MN 55128. ECMC is the guarantor for all of the loans at issue.

8. Defendant Nelnet Loan Services, Inc. a/k/a Nelnet, Inc. is a servicer of Federal student loans, with a reported address of 121 South 13th Street, Lincoln, NE 68508. Neltnet is the servicer for the loans in Cheryl's name.

9. Defendant Pennsylvania Higher Education Assistance Agency d/b/a American Education Services, Inc (AES)., is a servicer of Federal student loans, with a reported address of 1200 N. 7TH Street, Harrisburg, PA 17102. AES is the servicer for the loans in Mark's name.

10. Defendants US Bank ELT EFS Finance and Co & Affil, a/k/a US Bankcorp and US Bank ELT Goal Structured Solutions a/k/a US Bankcorp were lenders of Federal student loans under the Federal Family Education Loan (FFEL) program, with a reported address of U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402. US Bank is the originator for all of the loans at issue.

## Factual Allegations

11. Mark and Cheryl Parasiliti are residents of Berlin, Connecticut. They are a married couple, in their mid-60's, recently retired.

12. There allegedly exists a student loan listed in Cheryl's name, serviced by Nelnet, in the approximate amount of $59,000.

13. There allegedly exists a student loan listed in Mark's name, serviced by AES, in the approximate amount of $127,000.

14. That means a balance of $186,000 allegedly exists between the debtors.

15. The Parasiliti's filed bankruptcy to free themselves of financial burden to enable them to maintain a basic sense of living while retired.

16. The Parasiliti's have limited their living expenses as best possible for a retired couple.

17. Even while being fully employed, the Parasiliti's required deferments and forbearances to keep these loans from defaulting. The amount of forbearance time allowed is limited and will soon reach the limit if these loans are not discharged.

18. Both of the loans at issue are FFEL consolidation loans.

19. Mark's loan is a spousal consolidation loan which contains Parent PLUS loans.

20. Based on current income, the Parasiliti's are unable to afford a payment, even under the friendliest of payment plans.

21. Mark's loan does not qualify for any of the flexible Income Drive Repayment (IDR) plans and therefore denies the Parasiliti's the ability to obtain a low payment based on their income, or lack thereof. Further, Mark's loan will never qualify for any kind of forgiveness. The only plan available is known as Income Sensitive Repayment which requires monthly accrued interest to be paid, which is approximately $529 a month and does not include any kind of forgiveness.

22. Congress disallowed reconsolidation of spousal consolidation loans in 2006. Consequently, Mark's loan cannot be consolidated to the Direct Loan program and will never be eligible for Direct Loan IDR's or forgiveness plans.

23. The Parasiliti's cannot afford a monthly payment of $500 for Mark's loan based on their fixed retirement income.

24. Cheryl's loan should have been forgiven last year under the Public Service Loan Forgiveness (PSLF) plan. However, Cheryl was never made aware of the program and thus has never qualified for the PSLF program. As she is now retired, there is no way she can benefit from the PSLF program.

25. Cheryl's loan qualifies for an IDR of $260.

26. While Cheryl qualifies for an IDR of $260, it requires her to complete an annual recertification of her household income for the next 25 years.

27. While Cheryl qualifies for an IDR of $260, interest will continue to accrue at approximately $130 per month after her IDR payment. If Cheryl ever misses the deadline for recertification, she can still recertify, however the interest that has accrued to that date would be capitalized meaning converted into principal, thus increasing the amount of interest that accrues thereafter.

28. If Cheryl recertifies for the next 25 years timely, and no capitalization takes place, she will accrue approximately $39,000 in interest.

Case 20-02023    Doc 1    Filed 09/08/20    Entered 09/08/20 17:01:38    Page 4 of 5

29. Upon satisfaction of the IDR program in 25 years, Cheryl will receive forgiveness on the remaining balance of her loan.

30. Upon forgiveness in 25 years, Cheryl will receive a 1099c, an IRS form stating her debt has been forgiven and must be reported as income for that tax year. The amount of forgiveness to be reported on the 1099c would be approximately $98,000, made up of the $59,000 of current principal and the extra $39,000 of interest accrued over the 25 years.

31. There is no way to estimate what the potential tax consequences are of receiving a 1099c for $98,000 as it is 25 years in the future. However, it is safe to say that expecting such a consequence is in itself a hardship of a kind as this will weigh on Cheryl and Mark for the next 25 years.

32. Based on Cheryl's age, she will not reach relief from this loan under the IDR program until she is in her 90's.

33. Waiting 25 years for relief from a loan that Cheryl cannot afford to pay, and which under the laws requires a payment that will never touch the principal, does not comport with the equitable purpose of bankruptcy, a fresh start.

34. The combined minimum payment for Mark and Cheryl's loans is approximate $789 a month.

35. While Cheryl's loan will be forgiven at age 90, Mark's loan has no forgiveness available. The only way for Mark's loan to reach finality is by paying an extra $213 a month for the next 25 years, for a total of $1,002 a month! The only other way to get rid of Marks loans is if Mark and Cheryl either pass or become totally and permanently disabled.

36. The Parasiliti's financial situation is not likely to improve as they are retired, living on a fixed income.

## Claims for Relief

*Declaration that Any Federal Student Loan Obligations Should be Discharged Pursuant to Section 523(a)(8)*

37. The Debtors repeat and reallege the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The repayment of Federal student loans made to the Parasiliti's would be an undue hardship to them.

39. As a result, their Federal student loan obligations should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtors demand judgment declaring that all Federal student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated: September 8, 2020

Respectfully Submitted,

MARK and CHERYL PARASILITI
By their attorney,
　/s/ct27939

Joshua R.I. Cohen, Juris: ct27939
Cohen Consumer Law
PO Box 1639
West Dover, VT 05356
Tel: 860-233-0338 x4
Fax: 860-233-0339
jcohen@TheStudentLoanLawyer.com